UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

IBIS GONZALEZ on behalf of herself
and others similarly situated,

    Plaintiff,

v.

YALE ENFORCEMENT SERVICES, INC.,
an Illinois Corporation, and
RICK YALE, individually,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, IBIS GONZALEZ (hereinafter referred to as "Plaintiff"), is an individual residing in Miami-Dade County, Florida.

2. At all times material to this Complaint, Defendant, YALE ENFORCEMENT SERVICES, INC., an Illinois Corporation (hereinafter referred to as "YES"), has provided security services at multiple locations across the United States including but not limited to in Miami-Dade County, Florida within the jurisdiction of this Court, by providing Defendants' customers at with standing security guard services, mobile patrol, closed circuit television, access control, fire and burglar alarm systems, surveillance equipment, and remote video monitoring systems.

3. Defendant, RICK YALE, has at all times material to this Complaint owned, managed, and/or operated YES and Defendant YALE regularly exercised the authority to hire and fire employees, determined the manner in which employees were compensated, determined how employees' hours worked were tracked or recorded, set the rates of pay employees, and/or controlled the finances and day-to-day management operations of YES. By virtue of such control

1

and authority, Defendant YALE is an employer of Plaintiff and the other similarly situated non-exempt security employees within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d).

4. Plaintiff brings this action on behalf of himself and other current and former non-exempt security employees of YES and RICK YALE (collectively referred to as "Defendants") for unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).[1]

5. At all times material to this Complaint, Defendants, YES and YALE have acted in the interest of an employer within the meaning of 28 U.S.C. §203(d), toward Plaintiff and the other similarly situated employees, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff and the other employees similarly situated to him.

6. Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

7. A substantial part of the events giving rise to this action, occurred in Miami-Dade County, within the jurisdiction of the United States District Court for the Southern District of Florida.

8. At all times material to this Complaint, including but not necessarily limited to during the years 2013, 2014, 2015 and 2016, YES has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, YES has employed two (2) or

---

[1] Attached hereto is a signed Consent to Join from Plaintiff GONZALEZ.

more employees who, *inter alia*, have regularly (a) handled and worked on office equipment—including but not limited to computers, photocopier/scanner, printers, telephones—that were goods and/or materials moved in or produced for commerce; (b) handled and worked with commercial office supplies—including but not limited to paper, pens, and UPS, FedEx, and United States Postal Service shipping materials—that were goods and/or materials moved in or produced for commerce; (c) provided security services and security equipment to multi-state businesses between, *inter alia*, Illinois and Florida; and (d) regularly processed and participated in electronic bank, transfers, payroll and other financial transactions across Illinois, Florida and other State lines throughout the United States.

9. Based upon information and belief, the annual gross sales volume of YES has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years 2013, 2014, 2015 and 2016.

10. At all times material to this Complaint, including but not necessarily limited to during the years 2012, 2013, 2014, 2015 and 2016, YES has constituted an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

11. During the three (3) year statute of limitations period between approximately May 2016 and June 2016, Plaintiff's provided security services for Defendants at Kendall Regional Medical Hospital with primary duties consisting of Plaintiff directing traffic within the Hospital's parking garage when in the position of a Security Guard and conducting screening of individuals and personal items at the hospital's main entrance.

12. During the three (3) year statute of limitations period between approximately May 2016 and June 2016, Plaintiff regularly worked in excess of Forty (40) hours per week for

Defendants in numerous work weeks without compensation from Defendants at a rate of time and one-half of Plaintiff's applicable regular rates of pay for all of Plaintiff's actual overtime hours worked.

13. The additional persons who may become Plaintiffs in this action are the current and former non-exempt security employees, however variously titled, who have worked for Defendants in one or more weeks between February 2014 and the present at any locations without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week during one or more work weeks within the three (3) year statute of limitations period. It is the intent of this collective action to apply to all similarly situated employees of Defendants regardless of location.

14. Defendants have not complied with the requirements of the Fair Labor Standards Act by, *inter alia*: (a) failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff and other similarly situated non-exempt employees, however variously titled, between February 2014 and the present as required by 29 C.F.R. §516.2(a); and (b) failing to pay time and one-half wages for *all* of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt employees in one or more weeks between February 2014 and the present.

15. At all times material to this Complaint, Defendants had knowledge of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt employees in multiple work weeks between February 2014 and the present, all of which work was for the benefit of Defendants. Nonetheless, Defendants knowingly and willfully failed to compensate Plaintiff and the other similarly situated employees with time and one-half wages for all of their actual overtime hours worked, instead accepting the benefits of the work performed

by Plaintiff and the others similarly situated to him without paying the overtime compensation required by the FLSA.

16. Based upon information and belief, Defendants have failed to maintain records of all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff and the other similarly situated non-exempt employees, between February 2014 and the present.

17. The complete records concerning the compensation actually paid to Plaintiff and the other similarly situated employees between February 2014 and the present are in the possession, custody, and/or control of Defendants.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, IBIS GONZALEZ, readopts and realleges the allegations contained in Paragraphs 1 through 17 above.

18. Plaintiff is entitled to be paid time and one-half of her applicable regular rate(s) of pay for each and every hour she worked for Defendants in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately May 2016 and June 2016.

19. More specifically, Plaintiff regularly worked (a) seven (7) days per week for Defendants from approximately May 2, 2016 through May 8, 2016, a total of Sixty-Two and One Half (62.5) hours; and (b) six (6) days per week for Defendants from approximately May 9, 2016 through June 6, 2016, averaging Seventy-Two (72) hours per week.

20. However, Defendants failed to pay Plaintiff overtime compensation at the rate of time and one-half her applicable regular rate of pay for the hours she worked in excess of Forty (40) hours per week for: (a) Twenty-Two and One-Half (22.5) overtime hours for the week of May

2–May 8, 2016; and (b) Thirty-Two (32) overtime hours per week from May 9–June 6, 2016, all at the overtime rate of $17.06/hour [calculated at 1.5 x $11.37/hour = $17.06/hour], such that Plaintiff's unpaid overtime wages amount to approximately $2,183.20 [($17.06/hour x 22.5 OT hours/week x 1 week = $383.74) + ($17.06/hour x 32 OT hours/week x 4 weeks = $2,183.20)].

21. All similarly situated current and former non-exempt security employees who have worked in excess of Forty (40) hours per week for Defendants in one or more weeks between February 2014 and the present are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendants but were not properly compensated for working on Defendants' behalf during any work weeks within the three (3) year statute of limitations period between February 2014 and the present.

22. At all times material to this Complaint, Defendants have had actual notice and/or constructive knowledge that Defendants' compensation practices did not provide Plaintiff and the other similarly situated non-exempt security employees with time and one-half wages for all of their actual overtime hours worked between February 2014 and the present based upon, *inter alia*: (a) Defendants facilitating the creation, oversight, and administration of compensation practices, timekeeping practices, and employment policies governing Plaintiff and the other employees similarly situated to her which knowingly and willfully did not provide time and one-half compensation for all hours worked in excess of Forty (40) hours per week; and (b) Defendants' failure to maintain accurate records of the start times, stop times, and all of the actual hours worked by Plaintiff and the other similarly situated employees for Defendants as required by the Fair Labor Standards Act for each work week within the three (3) year statute of limitations period between February 2014 and the present.

23. By reason of the intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys' fees.

24. Defendants did not have a good faith basis for their failure to pay time and one-half wages for all of the actual overtime hours worked by Plaintiff and Defendants' other non-exempt security employees, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages from Defendants pursuant to 29 U.S.C. §216(b).

25. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendants all reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the FLSA.

26. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, IBIS GONZALEZ and any current or former non-exempt security employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment, jointly and severally, against Defendants, YALE ENFORCEMENT SERVICES, INC. and RICK YALE, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated: February 6, 2017                     Respectfully submitted,

By:     **s/KEITH M. STERN**
          Keith M. Stern, Esquire
          Florida Bar No. 321000
          E-mail: employlaw@keithstern.com
          Hazel Solis Rojas, Esquire
          Florida Bar No. 91663

7

E-mail:  hsolis@workingforyou.com
LAW OFFICE OF KEITH M. STERN, P.A.
One Flagler
14 NE 1st Avenue, Suite 800
Miami, Florida 33132
Telephone:  (305) 901-1379
Facsimile:  (561) 288-9031
Attorneys for Plaintiff

# CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant, <u>YALE ENFORCEMENT SERVICES, INC.</u>, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2. I hereby designate Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

Ibis Gonzalez
Print Name

**Signature:** _Ibis Gonzalez (Dec 19, 2016)_

**Email:** ibisgonzalez60@yahoo.com